BEST BEARINGS, INC., Plaintiff-Appellant, *v.* CHALLENGER PARTS REBUILDERS, INC., Defendant-Appellee.

(No. 72-3;

Second District—March 14, 1973.

Albert Brooks Friedman, Ltd., of Chicago, for appellant.

McDonald, Schmidt & Baker, of Chicago, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Best Bearings, Inc., the plaintiff and appellant in this action, appeals from an order of the circuit court of Du Page County, entered October 12, 1971, that denied its motion to file an amended complaint.

The original complaint, filed October 27, 1970, alleged that the plaintiff purchased a quantity of ball bearings and other automotive equipment from the defendant over a period of time beginning April 1, 1966, and ending September 3, 1966, for which it paid the sum of $14,-304.42. Count I of the complaint alleged that the sale was subject to the provisions of the Uniform Commercial Code relative to a warranty of good title (Ill. Rev. Stat. 1969, ch. 26, sec. 2—312) which warranty the defendant breached since the products were in fact stolen property. Count II of the complaint alleged that the defendant also breached the sales contract between the parties since it did not have good title to the property as warranted in their agreement.

On July 12, 1971, the trial court dismissed the complaint with prejudice on the grounds that the plaintiff failed to bring its action for breach of contract or breach of warranty within 4 years of the date of the breach as required by section 2—725 of the Code. Ill. Rev. Stat. 1969, ch. 26, sec. 2—725.

The plaintiff then moved to file an amended complaint wherein it alleged, in addition to the matters raised in the original complaint, that the defendant had made false representations in regard to the title to the property and had committed fraud. The court denied that motion apparently on the grounds that an action in fraud was also limited by the four year provision in the Commercial Code.

Section 2—725 of the Commercial Code provides that an action for breach of any contract of sale must be commenced within 4 years after the cause has accrued and that the action accrues at the time the breach occurs regardless of the lack of knowledge of the breach by the aggrieved party. Ill. Rev. Stat. 1969, ch. 26, sec. 2—725 (1) and (2).

The subject of fraud is not expressly covered in the Commercial Code except to provide that the remedies for fraud or material misrepresentation include all remedies available under it for non-fraudulent breach. (Ill. Rev. Stat. 1969, ch. 26, sec. 2—721.) Section 2—725 relative to the limitations on actions for breach of a sales contract or the warranties provided for in the Code, states specifically that it does not "* * * alter the law on tolling of the statute of limitations".

The amended complaint, and a supporting affidavit, alleged that the plaintiff was unaware that the ball bearings were stolen or that the defendant did not have good title to them until they were confiscated by the F.B.I. on November 2, 1966. Section 22 of the Limitations Act provides that in cases of fraudulent concealment an action may be brought at any time within 5 years after the person entitled to bring it discovers that he has such cause of action. Ill. Rev. Stat. 1969, ch. 83, sec. 23,

■■ We agree that the plaintiff's cause of action brought for breach of the sales contract under the Commercial Code was barred by the time provisions contained in Section 2—725. However, merely because plaintiff may have had alternate remedies that were outlawed under the Code, does not preclude plaintiff from bringing an action in fraud. Since the motion to file the amended complaint, including the count sounded in fraud, was brought within the 5 year limit of the Limitation Act it was not subject to a motion to dismiss for lack of timeliness. We are, therefore, of the opinion that the order denying the plaintiff's motion to file an amended complaint was improper and must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

GUILD, P. J., and T. MORAN, J., concur.