L. EDWARD BECKMIRE, Plaintiff-Appellant, *v.* RISTOKRAT CLAY PRODUCTS COMPANY *et al.,* Defendants-Appellees.

Second District (2nd Division) No. 74-316

Opinion filed March 9, 1976.

Holtan & Garrity, of Freeport, for appellant.

Karl F. Winkler, of Roszkowski, Paddock, McGreevy & Johnson, of Rockford, for appellees.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

Plaintiff, in August, 1973, sued defendant to recover for damages due to the deterioration of brick facing on his residence. The brick, manufactured by defendant Midland Brick Company,[1] was delivered for construction of the residence in 1964. Defendant moved to dismiss plaintiff's complaint alleging that plaintiff had failed to institute suit within four years of delivery of the brick as required by the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 2—725). Defendant's motion was granted.

On appeal, plaintiff contends that his cause of action accrued upon discovery of the fault rather than upon delivery of the brick and that even if the four-year statute of limitations is applicable, it was tolled by virtue of defendant's absence from the State as provided by section 18 of the limitations statute (Ill. Rev. Stat. 1973, ch. 83, par. 19).

■■ Plaintiff alleges that the brick was warranted under the Uniform Commercial Code's implied warranty (Ill. Rev. Stat. 1973, ch. 26, par. 2—314). The statute of limitations for actions arising from the Uniform Commercial Code states in pertinent part:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of

---

[1] Plaintiff's appeal is directed only against Midland Brick Company, manufacturers of the allegedly defective brick.

warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Ill. Rev. Stat. 1973, ch. 26, par. 2—725.

Here the brick was delivered in 1964. The suit was filed in August, 1973. Under the plain and unambiguous language of section 2—725 the suit was not filed in time unless the exception of section 2—725 applies. Plaintiff contends the implied warranty of sale here does explicitly extend to future performance. He argues that the nature of brick is such that a buyer can reasonably expect it to last for many years. The cause of action should not therefore accrue nor the statute of limitations run until the discovery of the defect—in this case, 1970, when the brick began to deteriorate. The law is clear, however, that for a warranty to extend beyond four years of the date of delivery of a product, said warranty must explicitly guarantee future performance of the product. (*Wilson v. Massey-Ferguson, Inc.*, 21 Ill. App. 3d 867, 870 (1974). In *Binkley Co. v. Teledyne Mid-America Corp.* (E.D. Mo. 1971), 333 F. Supp. 1183, *aff'd*, 460 F.2d 276 (8th Cir. 1972), "explicit" was defined as " '[n]ot implied merely, or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal.' " (333 F.2d 1183, 1186.) The mere expectation, however reasonable, that due to the nature of a particular product the statute of limitations on the warranty begins to run upon discovery of the defect is not an adequate basis for ignoring the clear language of the statute. Even where a warranty is express, courts are reluctant to infer from its language terms of prospective operation or conditions which are not clearly stated. (*Binkley v. Teledyne Mid-America Corp.*) In the absence of an express warranty explicitly guaranteeing future performance or quality of the brick, we find no basis for circumventing the clear language of section 2—725. We find, therefore, that plaintiff's cause of action accrued and the statute of limitations began to run from the time the brick was delivered.

■■ Plaintiff next argues, however, that under the provision of section 18 (Ill. Rev. Stat. 1973, ch. 83, par. 19) the statute of limitations tolled because of defendant's absence from the State. This saving clause provides in pertinent part as follows:

"If, when the cause of action accrues against a person, he is out the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the

414

state, the time of his absence is no part of the time limited for the commencement of the action."

Defendant contends that because process was served under the long arm statute (Ill. Rev. Stat. 1973, ch. 110, par. 17) and such service was available to plaintiff before the statute of limitations ran, the saving clause does not toll the four-year statute of limitations. We note that this is a case of first impression in Illinois to interpret the impact of the long arm statute on the saving clause as this latter statute has been amended by the legislature to provide for a situation such as is now before us. The amended saving clause, effective October 1, 1973, provides in part:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. * * * *For purposes of the first sentence of this Section, no person shall be considered to be out of the State or to have departed from the State, or to reside outside of the State during any period when he is subject to the jurisdiction of the courts of this State with respect to that cause of action pursuant to Sections 16 and 17 of 'Civil Practice Act' * * * or any other statute authorizing service of process which* would subject that person to the jurisdiction of the courts of this State. If a person files an action in a court of this State and attempts to secure service of process upon a defendant pursuant to a statute referred to in the preceding sentence, but does not obtain service of process upon such defendant, such defendant shall not be considered to be subject to the jurisdiction of the courts of this State at the time such action was filed, for purposes of the preceding sentence of this section. This amendatory Act of 1973 shall apply only to actions commenced after its effective date." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 83, par. 19.*

The resolution of similar questions has resulted in contrary decisions in other jurisdictions. Those jurisdictions holding that the saving clause is not tolled where a party is amenable to service of process have done so on the basis that the purpose of the saving clause is to prevent a plaintiff being deprived an opportunity to prove his cause of action by the defendant's absence from the jurisdiction for the duration of the period of limitation, and that where the right of plaintiff to commence his action and obtain a judgment is unaffected by defendant's absence by virtue of a statute rendering defendant amenable to process, the sav-

ing clause is not tolled. (*Byrne v. Ogle,* 488 P.2d 716 (Alaska 1971); *Hawkinson Tire Co. v. Paul E. Hawkinson Co.,* 13 Ariz. App. 343, 476 P.2d 864, 865 (1970), *aff'd,* 107 Ariz. 255, 485 P.2d 825 (1971).) Holdings that a saving clause tolls a statute of limitation notwithstanding defendant's amenability to service are generally based on the mandatory terms of the saving statute. *Ohio Brass Co. v. Allied Products Corp.,* 339 F. Supp. 417 (N.D. Ohio 1972); *Vaughn v. Deitz,* 430 S.W.2d 487 (1968).

In the instant case, the language of the saving clause is explicit and mandatory. Its meaning is clear. Where the language of an Act is certain and unambiguous, the only legitimate function of the courts is to enforce the law as enacted by the legislature. (*Certain Taxpayers v. Sheahen,* 45 Ill. 2d 75, 84 (1970); *Board of Education v. Chicago Teachers Union,* 26 Ill. App. 3d 806, 810 (1975).) It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent. (*Certain Taxpayers v. Sheahen,* 45 Ill.2d 75, 84 (1975).) A court has no right to say that the legislature did not mean what in plain language it said and must give effect to the legislative intention regardless of the consequences. *People ex rel. Oak Supply & Furniture v. Department of Revenue,* 23 Ill. App. 3d 1067, 1071 (1974).

Two additional factors merit consideration. The saving clause is generally applicable to all causes of action where the defendant is out of the State. The long arm statute, on the other hand, provides for service only in specific cases enumerated within its provisions. Its application is limited. The long arm statute enacted subsequent to the saving clause cannot be construed therefore as replacing or repealing the saving clause. Rather, its effect was to provide another remedy applicable in those instances in which the defendant was out of State when the cause of action arose. Furthermore, the amended saving clause, which states that the statute of limitations is not tolled where a defendant is served under the long arm statute, was expressly given only prospective application. In closing the hiatus between the old saving clause and the long arm statute, the legislature would not have made application of this exception explicitly prospective had such exception been implicit.

For the foregoing reasons we hold that the four-year statute of limitations as provided by the Uniform Commercial Code, section 2—725, was tolled by defendant's absence from the State.

Judgment reversed and cause remanded.

DIXON and SEIDENFELD, JJ., concur.