351 So.2d 324 (1977)
Thomas E. RUTLAND
v.
SWIFT CHEMICAL COMPANY.
No. 49996.
Supreme Court of Mississippi.
October 26, 1977.
Jack A. Morris, Monticello, Joseph M. Stinson, Tylertown, for appellant.
Thomas, Price, Alston, Jones & Davis, Alex A. Alston, Jr., Jackson, Lawrence J. Casazza, Chicago, Ill., for appellee.
*325 Before SMITH, BROOM and LEE, JJ.
BROOM, Justice, for the Court:
Breach of implied warranty of merchantability or fitness is the theory of Rutland's (appellant's) suit against Swift Chemical Company (appellee) for damages related to poor performance of fertilizer manufactured by Swift and sold to Rutland by a retail establishment in Jayess, Mississippi. Rutland purchased the fertilizer on May 1, 1969, and filed suit in June 1975 in the Walthall County Circuit Court, which court transferred the cause to the Lawrence County Circuit Court upon a motion for change of venue. The Lawrence County Circuit Court ruled that the suit was barred by the six year statute of limitations under Mississippi Code Annotated § 75-2-725 (1972).
The sole issue is: Does the six year limitation period of § 75-2-725 bar the suit? Pertinent is the following portion of the statute:
§ 75-2-725. Statute of limitations in contracts for sale.
(1) An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.
(2) A cause of action accrued when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. (Emphasis added).
Plain language of the statute provides that a cause of action for breach of warranty accrues when tender of delivery of goods is made, which in this case occurred in May 1969. Only one exception is made to the six year limitation, and that is where under sub-section (2) of the quoted statute a warranty "explicitly extends to future performance." Stipulated facts before us show that the fertilizer was purchased by Rutland and delivered to him during May 1969 and that his suit was filed more than six years later.
Rutland's argument is that this case properly comes under the exception outlined in sub-section (2) of the statute providing that a cause of action accrues "when the breach is or should have been discovered." There is no allegation that any express warranty was given Rutland when he purchased the fertilizer. He argues that because of the nature of fertilizer products, any implied warranty of merchantability must relate to future performance of the product. Further argument is that no cause of action can accrue until discovery by the farmer that the fertilizer has failed to perform properly. There is no dispute that discovery of the failure of the fertilizer to perform was not made until July 1969. On that basis argument is made that the statute of limitations did not begin to run until such discovery in July 1969. Our opinion is that the lower court correctly construed the statute in holding that the six year statute began to run from the date of tender of delivery. The statute in unmistakable language states that in order for a warranty of this type to extend beyond six years after the date of tender of delivery, such warranty must explicitly relate to future performance of the goods. Explicit means something expressed or clearly stated and is more than merely implied. Webster's Third New International Dictionary (1971), p. 801. Absent any warranty explicitly promising or guaranteeing future performance of the fertilizer, we cannot circumvent the clear intent of the statute.
In his brief Rutland contends that the very nature of fertilizer applied for the purpose of causing plants to grow and mature requires that its warranty be "prospective in operation so as to cover future events and the breach" is ascertainable only after the vegetation has had time to show whether the fertilizer accomplished its purpose. While this argument may contain aspects of persuasion, the legislature was aware that Mississippi's economy was still agrarian to a considerable extent when it *326 provided that an action such as Rutland's is barred within six years except where the warranty "explicitly" extends to future performance of the goods. We hold that the lower court correctly construed and applied the statute. Courts of other jurisdictions have reached the same result upon similar facts. Beckmire v. Ristokrat Clay Products Co., 36 Ill. App.3d 411, 343 N.E.2d 530 (1976); General Motors Corp. v. Tate, 257 Ark. 347, 516 S.W.2d 602 (1974); J. White and R. Summers Handbook of the Law Under The Uniform Commercial Code § 11-8 (1972).
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, LEE and BOWLING, JJ., concur.