OPINION OF THE COURT
Arnold Guy Fraiman, J.
Defendant moves pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint on the ground that the causes of action asserted therein are barred by the Statute of Limitations. Plaintiff Great Atlantic Insurance Company is a liability insurance company which sells automobile insurance policies in New York. Defendant Courier/Citizen Company, Inc., is a printing concern.
Section 313 (subd 1, par [a]) of New York’s Vehicle and Traffic Law requires that notices of termination of automobile liability insurance sent by insurance carriers to their insureds shall include in type of which the face shall not be smaller than 12 point a statement that, “proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle”. Some time prior to June 30, 1977, Great Atlantic purchased from *948 Courier/Citizen a number of forms containing the foregoing statement, which it intended to use to notify its insureds that it was canceling their policies for various reasons, and on June 30, 1977 it used one of the forms to notify one Pardo that it was canceling, effective July 15, 1977, the policy it had issued on his motorcycle. Thereafter, on August 4, 1977, Pardo’s motorcycle was apparently involved in an accident in which one Locascio was injured. Locascio asserted an uninsured motorist claim against his own insurer, State Wide Insurance Co. and instituted arbitration proceedings against it. State Wide then moved for an order staying arbitration pending a determination of whether the Pardo motorcycle was insured at the time of the accident. The motion was granted on March 23, 1978 and Great Atlantic was joined as an additional respondent in that proceeding. The court subsequently held that the cancellation notice issued by Great Atlantic to Pardo on the form it had purchased from Courier/Citizen was not effective because the notice required by section 313 (subd 1, par [a]) was not in type face that measured 12 points. Judgment was entered April 20, 1979, and Great Atlantic issued a check to Locascio for $9,000 on January 31, 1980, in settlement of his claim against Pardo. By the instant action Great Atlantic seeks to recover the $9,000 it paid to Locascio and its expenses in defending its insured against Locascio’s claim.
The action was commenced by the service of a summons and complaint on November 18, 1981. The complaint contains two causes of action, the first sounding in negligence and the second, breach of warranty. In seeking dismissal of the complaint, defendant relies upon section 2-725 of the Uniform Commercial Code, which provides as follows:
“§ 2-725. Statute of Limitations in Contracts for sale.
“(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
“(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the *949 breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.”
Inasmuch as the forms were purchased prior to June 30, 1977, and the action was commenced in November, 1981, more than four years after the forms were delivered, defendant contends that it is time barred. The court concurs in this conclusion. Plaintiff’s argument that its breach of warranty action is timely because the warranty was one of future performance and the breach was not discovered until sometime in 1978 when the contention was first made in the Locascio proceeding that Pardo’s insurance was still in force because the notice was printed in less than 12-point typeface, is without merit. Defendant’s warranty that the forms were in compliance with section 313 was a warranty of present, not future, performance. Nor was the defect latent, and thus undiscoverable until some future performance (in this case the Locascio litigation), which would bring into play subdivision 2 of section 2-725, causing the cause of action for breach of warranty to accrue in 1978. The defect could readily have been discovered by plaintiff from the very moment tender of delivery of the forms was made, by the simple device of measuring the print with a printer’s rule, or even casting an experienced eye at the typeface.
Plaintiff attempts to avoid the bar of section 2-725 by couching one cause of action in its complaint in terms of negligence. It thereby seeks to avail itself of the provisions of CPLR 214 (subd 4), which provides for a three-year limitation period for actions to recover damages for an injury to property, the cause of action accruing at the time the injury occurs. In this case that would be 1980 when the court held that Pardo was still insured by Great Atlantic, and it had to settle Locascio’s claim. Thus, if CPLR 214 (subd 4) were applicable, the action would not be time barred. However, CPLR 214 (subd 4) is not available to plaintiff in this case. Where a cause of action arises as a result of a contract for sale between two parties who are in *950 privity, the limitations period is governed by section 2-725 of the Uniform Commercial Code which specifically deals with that situation. By pleading in such case a cause of action sounding in negligence, the applicable limitations period does not change but is still governed by section 2-725, because the origin and nature of the liability asserted is still breach of warranty. (Schmidt v Merchants Desp. Transp. Co., 270 NY 287.) Accordingly, the motion to dismiss the complaint is granted.