Dorothy Ann **WILSON**, et al.,
Plaintiffs,

v.

**HAMMER HOLDINGS, INC.,**
Defendant.

Civ. A. No. 87–0373–C.

United States District Court,
D. Massachusetts.

Sept. 29, 1987.

Cindy A. O'Connor, William Shields, Day, Berry & Howard, Boston, Mass., for plaintiffs.

Darragh K. Kasakoff, Seder & Chandler, Worcester, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

This is a civil action in which the plaintiffs, Dorothy Ann Wilson, individually, and Dorothy Ann Wilson, Richard B. Wilson, and Edward M. Condit, Jr., as executors of the will of John J. Wilson, seek to recover damages from the defendant, Hammer Holding, Inc., for negligence and breach of warranty. Jurisdiction is based on diversity. The matter is now before the Court on defendant's motion to dismiss and motion for judgement on the pleadings.

The defendant has labelled this motion as a motion to dismiss and for judgement on the pleadings under Fed.R.Civ.P. 12. The parties, however, have submitted a number of relevant exhibits for consideration in this motion. As such, the defendant's motion will be treated as one for summary judgement. Fed.R.Civ.P. 12(b).

On a motion for summary judgement, the moving party has the burden of showing that there is not genuine issues as to any material fact, and that the moving party is entitled to judgement as a matter of law. Fed.R.Civ.P. 56(c). *Donovan v. Agnew*, 712 F.2d 1509, 1516 (1st Cir.1983). In deciding a motion for summary judgement, all facts and inferences must be viewed in the light most favorable to the non-moving party. *Taylor v. Gallagher*, 737 F.2d 134, 137 (1st Cir.1984).

The facts as stated in the plaintiff's complaint are as follows. On January 5, 1961, plaintiff Dorothy Wilson and her late husband, John J. Wilson, purchased a painting from an art gallery allegedly owned by the defendant's predecessor, Hammer Galleries. The gallery expressly warranted this painting to be an original work of art. The Wilsons paid $11,250 for the painting, which was delivered to the Wilson's Brookline, MA residence. The plaintiffs claim that in 1984 the Wilsons had the painting examined by an expert in order to sell it. The expert deemed the painting a fake. The plaintiffs filed this suit on February 13, 1987 seeking damages based on breach of warranty and negligence.

■ As an initial matter, this Court must decide what law to apply in deciding this case. While both parties seem to have assumed, in preparing their briefs, that Massachusetts law applies to all issues, the defendant contends that New York substantive law applies. Massachusetts choice of law rules will determine which state's law applies. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (in diversity cases, a federal court should apply the choice of law rules of the forum state).

While Massachusetts has adopted modern choice of law analysis for substantive contract law issues, statutes of limitation are considered procedural rather than substantive. *Clarke v. Pierce*, 215 Mass. 552, 553, 102 N.E. 1094 (1913). As such, Massachusetts law applies in determining whether a plaintiff's claim is barred by a statute of limitation. *Hemric v. Reed & Prince Mfg. Co.*, 739 F.2d 1, 2 (1st Cir.1984).

■ The defendant first argues that the breach of warranty claim is barred by the four year statute of limitations for breach of contract actions. The applicable statute of limitations for breach of warranty is set out in Mass.Gen.L. ch. 106, § 2–725. This section provides that

> (1) An action for breach of any contract of sale must be commenced within four years after the cause of action has accrued. . . .
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. Mass. Gen.L. ch. 106, § 2–725.

The plaintiff, on the other hand, argues that the four year period is not applicable. Rather, plaintiff argues that the "future performance" exception of § 2–725(2) applies, so the cause of action accrued when the plaintiffs discovered that the painting was a forgery. The question, then, is whether the warranty was a present warranty or a prospective warranty.

While this Court is not aware of any Massachusetts decisions on this issue, the overwhelming majority of courts have interpreted the future performance exception very strictly. *See Standard Alliance Ind. v. Black Clawson Co.*, 587 F.2d 813, 820–20 (6th Cir.1978), *cert. denied* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979), and cases cited therein. Section 2–725 states that the four year period applies unless the warran-

ty "explicitly" extends to future performance. Thus, the cause of action accrues at delivery unless the seller makes an express warranty that specifically refers to a future time. *Id.* at 820. This reference to future performance must be unambiguous and clearly stated. *R.W. Murray Co. v. Shatterproof Glass. Corp.*, 697 F.2d 818, 822 (8th Cir.1983).

In this case, the defendant's guarantee is set forth in a letter from the president of Hammer Galleries to Mr. Wilson. Plaintiff's Amended Complaint, Exhibit A. The letter stated that "the authenticity of these pictures is guaranteed." *Id.* This warranty makes no reference to a time period for future performance. Nor would one expect it to. The characteristic guaranteed here—the authenticity—is inherent and unchanging over time. The warranty of authenticity does not look to future performance, but rather, it looks to the painting's authenticity at the time of the sale. Accordingly, the future performance exception to the four year statute of limitations is not applicable. The plaintiff's claim for breach of warranty is therefore barred by Mass.Gen.L. ch. 106, § 2–725.

■ The plaintiffs make a passing argument that Mass.Gen.L. ch. 106, § 2–318 applies. That section eliminates the privity defense in breach of warranty actions, and states that "all actions under this section shall be commenced within three years next after the date the injury and damage occurs." Mass.Gen.L. ch. 106, § 2–318 (West Sup.1987). The plaintiffs contend that, the injury occurred in 1985 when the painting was deemed a forgery, and therefore their breach of warranty action was timely under § 2–318.

Section 2–318 does not, however, apply to this case. That section applies to breach of warranty actions that are in essence products liability actions. *See Back v. Wickes Corp.*, 375 Mass. 633, 640, 378 N.E.2d 964, 969 (1978) (noting that by enacting § 2–318, the Massachusetts Legislature has made state warranty law congruent in nearly all respects with Restatement (2d) of Torts § 402A). *See, e.g., Hoffman v. Howmedica, Inc.*, 373 Mass. 32, 364 N.E.2d 1215

(1977) (applying the limitation in § 2–318 to breaches of warranties of fitness and merchantability of a hip prosthesis, which breach resulted in physical injuries to the plaintiff); *Fidler v. Eastman Kodak Co.,* 714 F.2d 192 (1st Cir.1983) (applying the limitation in § 2–318 to a breach of warranty of merchantability of a substance used to diagnose back problems, which breach resulted in physical injuries to the plaintiff). As such, § 2–318 does not apply to cases such as this, in which the defective goods caused no physical injury. *See* Restatement (2d) of Torts § 402A (imposing liability on suppliers of goods for physical injury).

When the only injury suffered by the buyer is failure to receive goods that conform to the contract, the buyer's statute of limitations for remedies is determined by § 2–725. *See* Mass.Gen.L. ch. 106, § 2–725, Uniform Commercial Code Comment (West 1958) (noting that the purpose of this section is to introduce a uniform four year statute of limitation for sales contracts by taking sales contracts out of the general laws limiting the time for contractual actions). To hold otherwise would frustrate the purpose of § 2–725 and create an inconsistency between § 2–725 and § 2–318. Where two statutes can be read as being inconsistent, they must be construed so as to give reasonable effect to both statutes and create a consistent body of law. *City of Boston v. Bd. of Educ.,* 392 Mass. 788, 792, 467 N.E.2d 1318, 1321 (1984).

■ Even if Mass.Gen.L. ch. 106, § 2–318 did apply, the plaintiffs would still be barred from bringing a breach of warranty action. The injury to the plaintiffs was the purchase of a painting that they believed to be more valuable than it really was. As such the injury occurred when the painting was purchased in 1961. Under the clear terms of the statute, the plaintiffs are barred from bringing a breach of warranty action more than three years after the purchase. Mass.Gen.L. ch. 106, § 2–318.

■ In their complaint, the plaintiffs also included a claim based on negligence, arguing that the gallery was negligent in determining the authenticity of the paint-ing. The defendant argues that, by including a count in negligence, the plaintiff is really trying to avoid the limitations on a breach of warranty claim. The defendant contends that the plaintiff's negligence count is in reality a contract claim and is therefore barred by the statute of limitations as well. I agree with defendant.

It is well settled that, in determining which statute of limitation applies, the court should look to the essence of the claim rather than the form of the claim. *e.g., Kagan v. Levenson,* 334 Mass. 100, 103, 134 N.E.2d 415 (1956) (applying the statute of limitation for contract actions rather than for tort actions because plaintiff's claim was in essence one to recover money paid to defendant); *Desmond v. Moffie,* 375 F.2d 742, 743 (1st Cir.1967) (applying contract, rather than tort, period of limitation in an action by a bankruptcy trustee to set aside a fraudulent conveyance of real estate). In this case, the essence of the action is to recover money under a sales contract for goods that did not conform to the contract. In such instances, the U.C.C. governs the expectations and duties of the buyer and seller. Such expectations should not be frustrated by the entirely distinct principles of tort law. *Marcil v. John Deere Industrial Equipment Co.,* 9 Mass.App.Ct. 625, 631–32, 403 N.E.2d 430 (1980) (holding that, where a buyer's damages are economic rather than physical, his remedies are limited to those provided by the U.C.C.) *Accord, Great Atlantic Ins. Co. v. Courier/Citizen Co.,* 114 Misc.2d 947, 452 N.Y. S.2d 482 (N.Y.Sup.1982) (applying the statute of limitation set out in U.C.C. § 2–725 to an action for negligent sale of goods); *Appalachian Power Co. v. General Electric Co.,* 508 F.Supp. 530 (D.C.W.Va.1980), 665 F.2d 1038 (4th Cir.1981) (applying U.C.C. § 2–725 to an action for negligently loading and shipping an electric transformer). Accordingly, the applicable statute of limitation for plaintiffs' action for negligent authentication and sale is set out in Mass.Gen.L. ch. 106, § 2–725. Based on the reasons noted above, this count is

therefore barred by the statute of limitations.

Based on the undisputed facts presented by the plaintiffs in their complaint and accompanying exhibits, both of the plaintiffs claims are barred by the applicable statutes of limitation. As such, the defendant is entitled to judgement on both counts as a matter of law. Accordingly, I do not reach the defendant's other arguments.

Order accordingly.