549 So.2d 951 (1989)
Donald O. HUFF
v.
Royce HOBGOOD.
No. 07-58675.
Supreme Court of Mississippi.
September 27, 1989.
*952 J. Kevin Watson, Fox Watson & Earwood, Jackson, for appellant.
Joseph M. Stinson, Tylertown, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
Donald Huff filed suit against Royce Hobgood in Walthall County Circuit Court, alleging that Hobgood had breached the warranty of good title when he sold a certain bulldozer to Huff. Hobgood filed a motion to dismiss under Miss.R.Civ.P. 12(b)(6), which was expanded by the trial judge into a Rule 56 motion for summary judgment, and granted. Huff appeals, assigning as error:
I. THE LOWER COURT ERRED IN HOLDING THAT THE SIX (6) YEAR LIMITATION PERIOD OF MISSISSIPPI CODE ANNOTATED, SECTION 75-2-725 (1972) BEGAN TO RUN FROM THE DATE OF DELIVERY OF THE JOHN DEERE BULLDOZER.

STATEMENT OF THE FACTS
Donald Huff purchased a used John Deere 450 Bulldozer from Royce Hobgood on or about December 12, 1978, for $13,500.00. Huff paid Hobgood $6,500.00 in cash and the balance by check. Hobgood gave Huff a bill of sale, which contained the following words: "The said property I guarantee is my own and free of all claims and offsets of any and all kinds." While most of the bill of sale is typed, it contains a handwritten number, # 1216908, which is allegedly the serial number of the bulldozer in question. Hobgood has denied that he ever knew the serial number of the bulldozer, that this particular number was on the bill of sale when he signed it and gave it to Huff, and that he ever authorized anyone to put the number on the bill of sale.
In August, 1983, Huff sold the bulldozer to Michael Smith for $10,000.00. Smith used the bulldozer until January, 1986, when Mississippi Highway Patrol officers spotted the bulldozer and determined that it had been stolen from T.L. James Construction co. in Kenner, Louisiana, on March 8, 1973. Highland Insurance Company, which had insured the bulldozer for T.L. James, took possession of it. Smith purchased the bulldozer from Highland for $4,500.00, and then demanded from Huff the aforementioned sum, $2,235.00 for rental equipment, $450.00 for legal fees, and $130.00 for storage costs.
On August 19, 1986, Huff filed suit in Walthall County Circuit Court, alleging that Royce Hobgood had breached the warranty of title in selling the bulldozer, and that as a result Huff had suffered damages *953 of $7,315.00, the sum that he had paid Michael Smith, plus attorney's fees. On September 4, 1986, Hobgood filed a Motion to Dismiss under Miss.R.Civ.P. 12(b)(6), alleging that Huff's suit had been filed after the applicable statute of limitations, found in Miss. Code Ann. § 75-2-725(1972), had run. On October 3, 1986, Hobgood answered, and repeated as his first affirmative defense that Huff's complaint had been filed after the running of the six-year statute of limitations. Huff and Hobgood filed memoranda in support of and in opposition to the Motion to Dismiss.
Because matters outside the pleadings were presented to and considered by the trial court, the 12(b)(6) Motion to Dismiss was treated by the court as a motion for summary judgment under Miss.R.Civ.P. 56. On June 10, 1987, the trial court issued its order dismissing Huff's complaint. It found that the applicable statute of limitations was six years, as found in Miss. Code Ann. § 75-2-725, and that that code section also provided that such a cause of action would accrue when the breach occurred, at the time of the tender of delivery. Thus the cause of action would have accrued in December, 1978, when the bulldozer was tendered, and the six-year statute would have run out in December, 1984. Donald Huff has perfected his appeal to this Court.

STANDARD OF REVIEW
This Court conducts de novo review of a lower court's grant of summary judgment. Short v. Columbus Rubber and Gasket Co., 535 So.2d 61, 63 (Miss. 1988). The applicable standard is as follows:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984).
The burden of demonstrating that no genuine issue of fact exists is on the moving party. The non-movant should be given the benefit of every reasonable doubt. Short, 535 So.2d at 63-64.

DISCUSSION OF ISSUES

I. THE LOWER COURT ERRED IN HOLDING THAT THE SIX (6) YEAR LIMITATION PERIOD OF MISSISSIPPI CODE ANNOTATED, SECTION 75-2-725 (1972) BEGAN TO RUN FROM THE DATE OF DELIVERY OF THE JOHN DEERE BULLDOZER.
When one contracts for the sale of goods as in this case, the transaction is governed by the U.C.C. as adopted in Miss. Code Ann. §§ 75-2-101 to -725 (1972 & Supp. 1988). Goods are defined in § 75-2-105(1) as follows:
(1) "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Chapter 8) and things in action. "Goods" also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (Section 2-107) [§ 75-2-107]... .
This Court has found that the sale of a bulldozer is a sale of goods, and is governed by Article Two of the U.C.C. Taylor v. Ward, 393 So.2d 1342 (Miss. 1981).
Miss. Code Ann. § 75-2-312 provides that a warranty of good title arises automatically from a sale of goods:
(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that
(a) the title conveyed shall be good, and its transfer rightful; and

*954 (b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.
(2) A warranty under subsection (1) will be excluded or modified only by a specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have....
A warranty of title may also be express, as provided for in Miss. Code Ann. § 75-2-313:
(1) Express warranties by the seller are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.
The statute of limitations for a breach of a contract for the sale of goods is provided by Miss. Code Ann. § 75-2-725:
(1) An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. .. .
(emphasis added).
Though the words included in the bill of sale by Royce Hobgood may amount to an express warranty of title, they do not enlarge on the warranty of title automatically arising due to § 75-2-312. There is no question that the six-year statute of limitations applies to this transaction. The only question remaining is when did the breach of warranty occur, and the cause of action accrue: when delivery was made to Huff, as Hobgood claims, or when the breach was discovered, as Huffs claims.
Actions for breach of contract based on breach of warranty of title are rare. Much more common are actions based on breaches of warranty of merchantability or fitness for a particular purpose. This Court has dealt with § 75-2-725(2) on one other occasion. In Rutland v. Swift Chemical Co., 351 So.2d 324 (Miss. 1977), Rutland brought suit against Swift Chemical, alleging that certain fertilizer that he had purchased from Swift had been defective in performance. This suit involved the implied warranties of merchantability or itness, and there were no express warranties involved. Rutland argued that because of the nature of fertilizer, any implied warranty of merchantability must relate to future performance of the product, and that no cause of action should have accrued until the farmer had had time to discover whether or not the fertilizer worked properly. This Court rejected this argument:
The statute in unmistakable language states that in order for a warranty of this type to extend beyond six years after the date of tender of delivery, such warranty must explicitly relate to future performance of the goods. Explicit means something expressed or clearly stated and is more than merely implied. *955 Absent any warranty explicitly promising or guaranteeing future performance of the fertilizer, we cannot circumvent the clear intent of the statute.
Rutland, 351 So.2d at 325 (citations omitted).
As stated, actions based on breach of warranty of title are rare. The only case found with a fact situation analogous to that in the case at bar is Best Bearings, Inc. v. Challenger Parts Rebuilders, Inc., 10 Ill. App.3d 404, 294 N.E.2d 118 (Ill. App. Ct. 1973). Best Bearings sued because a quantity of ball bearings and other automotive equipment it had purchased turned out to be stolen property. The trial judge dismissed the action because it was not brought within four years as provided for by Illinois' version of the U.C.C. The appellate court affirmed the dismissal of the counts based on breach of warranty, but found that counts based on fraud or misrepresentation were not governed by the four year statute and were not barred by its passage. Best Bearings, 10 Ill. App.3d at 406, 294 N.E.2d at 120.
This Court finds that as a matter of law this cause of action accrued in December, 1978, when tender of delivery of the bulldozer was made to Huff, and the six year statute of limitations ran out in December, 1984. It follows that there is no genuine issue of material fact in this case, as this suit was filed in August, 1986, and that the grant of summary judgment under Miss.R. Civ.P. 56 was proper.
Finding that no reversible error was committed below, the judgment of the circuit court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.