O’Toole, J.
The parties are before the court on the motion of defendants Mary L. O’Neil and David R. O’Neil for summary judgment. The plaintiff brought this action seeking to recover the balance due under a promissory note after foreclosure of a mortgage on the O’Neils’ property in New Hampshire. For the following reasons defendants’ motion is allowed.
BACKGROUND
On January 4, 1989 the O’Neils gave Mortgage Corp. of the East-I a promissory note in the amount of $162,000. The note was secured by a mortgage on the O’Neils’ property at 31 Arlington Street, Nashua, New Hampshire. The plaintiff herein insured Mortgage Corp. on the note. Mortgage Corp. later assigned the note to Altus Bank. The mortgage was subject to a statutory power of sale.
Altus Bank sold the property on May 6, 1991 for $130,000 at a foreclosure sale. A deed conveying the property to the Federal Home Loan Mortgage Corp. was recorded on June 20,1991. There does not appear to be any dispute that a deficiency resulted from the sale, although there is dispute about the precise amount. United Guaranty entered into a subrogation agreement with Altus and brings this action as subro-gee of Altus.
The defendants move for summary judgment asserting that the plaintiff s failure to comply with G.L.c. 244, §§17A, 17B preclude this action.
DISCUSSION
1. General Laws c. 244, §17B does not apply to foreclosure proceedings that occur outside of Massachusetts. The mechanics of foreclosure, including what notice had to be given to the O’Neils, were not governed by G.L.c. 244, §17B, but by New Hampshire law. See F.D.I.C. v. Henry, 818 F.Supp. 452, 454 (D.Mass. 1993) (questions involving real estate foreclosures are determined by the law of the situs).
2. On the other hand, G.L.c. 244, §17A, defining the time within which actions to recover deficiencies remaining after foreclosure, does apply. Statutes of limitation are procedural, and the law of the forum will prescribe the limitations period. Wilson v. Hammer Holdings, Inc., 671 F.Supp. 94, 96 (D.Mass. 1987), aff'd 850 F.2d 3 (1988). In order for its suit to be timely in a Massachusetts court, the plaintiff must have brought its claim within two years “after the date of the foreclosure sale, . . .” G.L.c. 244, §17A.
The affidavit of sale indicates that the O’Neils’ property was sold on May 6, 1991 at a public auction. That the title did not pass until the deed was recorded, on June 20, 1991, New Hampshire RSA 479:26 (III), does not affect the outcome.
The complaint in the instant action was filed May 24, 1993, more than two years after the foreclosure sales, and so is time barred.
ORDER
It is therefore ORDERED that defendants’ motion is ALLOWED.