# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00902-SCT

*HOYT FORBES AND HILDA FORBES*

*v.*

*GENERAL MOTORS CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/23/2007 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WAYNE DOWDY |
| | ANGELA YLONA COCKERHAM |
| ATTORNEYS FOR APPELLEE: | PAUL V. CASSISA, JR. |
| | GENE D. BERRY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 10/30/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case is before the Court on appeal from a grant of summary judgment in favor of General Motors Corporation (GM) in the Circuit Court of Marion County.  The trial court found that under Mississippi Code Annotated § 75-2-725, the Forbeses' claim for breach of an express warranty was barred by the six-year statute of limitations.  The Forbeses argue that the future-performance exception to the statute of limitations should be applied.  We find no error regarding the grant of summary judgment and affirm.

**FACTS**

¶2.     On December 15, 1997, Mrs. Forbes was driving her 1992 model Oldsmobile Delta 88 when she struck the rear-end of the vehicle in front of her.  The air bag system of the vehicle failed to deploy, and the lap harness seatbelt system failed to restrain Mrs. Forbes's movement.  As a result of the collision, Mrs. Forbes suffered severe and permanent brain injuries.

**PROCEDURAL HISTORY**

¶3.     On December 7, 2000, the Forbeses filed this lawsuit in the Circuit Court of Hinds County, Mississippi.[1]  The Forbeses filed an amended complaint on December 15, 2000, adding GM as an additional defendant.  The Forbeses asserted a host of negligence theories, including the nondeployment of the air bag.

¶4.     In May 2003, this case was tried for three days and, at the conclusion of the plaintiffs' case in chief,

> [t]he plaintiffs voluntarily dismissed Angela Coleman.  Mack Grubbs Motors, Inc.'s motion for directed verdict was granted, after the plaintiffs confessed the motion.  GM moved for a directed verdict, and the plaintiffs confessed the following portions of the motion: (1) Plaintiffs failed to prove that the air bag deviated in a material way from GM's specifications; (2) Plaintiffs failed to prove that the air bag was defective in design; and (3) Plaintiffs failed to prove that the air bag was defective because it failed to provide adequate warnings. Judge Prichard then granted the remainder of GM's motion for a directed verdict, finding that the plaintiffs failed to prove that their damages were proximately caused by an unreasonably dangerous and defective condition of the air bag system due to GM's breach of an express warranty or other express

---

[1] The original defendants in this case were Angela Coleman, the other driver involved in the collision, and Mike Smith Motors, the seller of the automobile.

2

factual representation upon which the plaintiffs justifiably relied in using the product.

***Forbes v. Gen. Motors Corp.***, 929 So.2d 958, 960-961 (Miss. Ct. App. 2005).

¶5. The Forbeses promptly appealed, and the directed verdict was affirmed by the Mississippi Court of Appeals. ***Id***. However, on writ of certiorari, this Court reversed and remanded the case back to the trial court for further proceedings, finding that the trial court should have allowed the case to proceed on plaintiffs' claim that GM had breached an express warranty. ***Forbes v. Gen. Motors Corp.***, 935 So. 2d 869 (Miss. 2006).

¶6. Following the remand to the trial court, GM filed a motion for summary judgment, arguing that plaintiffs' claims for breach of warranty were barred by the six-year statute of limitations. The trial court granted GM's motion on April 23, 2007, finding that the statute of limitations barred the claim for breach of warranty. The Forbeses now appeal the trial court's grant of summary judgment. We find no error and affirm.

## STANDARD OF REVIEW

¶7. A trial court's grant of summary judgment is reviewed *de novo*. ***Moss v. Batesville Casket Co.,*** 935 So. 2d 393, 398 (Miss. 2006). A grant of summary judgment will be upheld only when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact. Miss. R. Civ. P. 56(c); ***Northern Elec. Co. v. Phillips,*** 660 So. 2d 1278, 1281 (Miss. 1995). Only when the moving party is entitled to judgment as a matter of law is summary judgment appropriate. ***Id.*** This Court uses a de novo standard of review when presented with questions of law, including issues concerning statutes of

limitations. ***ABC Mfg. Corp. v. Doyle***, 749 So. 2d 43, 45 (Miss. 1999) (citing ***Ellis v. Anderson Tully Co.***, 727 So. 2d 716, 718 (Miss. 1998)).

## ANALYSIS

¶8.    The sole issue presented to this Court is whether the Forbeses' breach of warranty claim is barred by the six-year statute of limitations. The trial court granted GM's motion for summary judgment, holding that the claim for breach of express warranty was barred by the statute of limitations, because delivery of the automobile was made more than six years prior to the filing of the complaint. Mississippi Code Annotated § 75-2-725 (Rev. 2002) provides:

> (1) An action for breach of any contract of sale must be commenced within six (6) years after the cause of action has accrued.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

¶9.    The relevant dates are undisputed in this case. The Forbeses purchased the automobile in either 1991 or 1992.[2] The accident occurred on December 15, 1997. The Forbeses subsequently filed suit on December 7, 2000. "The plain language of the statute provides that a cause of action for breach of warranty accrues when tender of delivery of goods is made." ***Rutland v. Swift Chemical Co.***, 351 So. 2d at 324, 325 (Miss. 1977). This Court has held

---

[2] Whether the automobile was purchased in 1991 or 1992 is irrelevant in this case, as the six-year statute of limitations would have been exhausted whether calculated from either date, based on the date the suit was filed.

that, with regard to breach-of-warranty claims against automobile manufacturers, the statute of limitations "bars breach of warranty claims six years from the date of delivery of the product." ***Estate of Hunter v. Gen. Motors Corp***., 729 So.2d 1264, 1277 (Miss. 1999).[3] Because the Forbeses did not file a complaint within six years of delivery of the vehicle, this action is procedurally barred by the six-year statute of limitations, unless the Forbeses can show that an exception applies.

¶10. The Forbeses raise a question of law as to whether the future-performance exception of the statute applies in this case. "Only one exception is made to the six year limitation, and that is where under sub-section (2) of the quoted statute a warranty 'explicitly extends to future performance.'" ***Rutland*** at 325. The Forbeses argue that the warranty contained in the manual explicitly extends to future performance of the product, and therefore, the cause of action did not accrue until the breach was or should have been discovered, i.e., the date of the accident, December 15, 1997.

¶11. The express warranty to which the Forbeses refer is contained in the owner's manual for the Oldsmobile Delta 88 and reads as follows:

> The SIR system is only for crashes where the front area of your vehicle hits something. If the collision is hard enough, the ''air bag" inflates in a fraction of a second. It helps restrain the driver, and then it quickly deflates. Some gray "smoke" is normal when this happens, and some people have reported mild coughing and watery eyes from it. But all of these have been temporary. The "air bag" can give extra protection for the driver's upper body.

---

[3] See also ***Huff v. Hobgood***, 549 So. 2d 951 (Miss. 1989) (the cause of action for breach of warranty of title accrued when tender of delivery of bulldozer was made).

¶12. The critical question is whether the warranty contained in the manual "*explicitly* extends to future performance of the goods." Miss. Code Ann. § 75-2-725 (Rev. 2002) (emphasis added). "The statute in unmistakable language [provides] that in order for a warranty of this type to extend beyond six years after the date of tender of delivery, such warranty must *explicitly* relate to future performance of the goods." **Rutland v. Swift Chem. Co.,** 351 So. 2d 324, 325 (Miss. 1977). "Explicit means something expressed or clearly stated and is more than merely implied." **Id.** (citing Webster's Third New International Dictionary, 801 (ed. 1971).

¶13. This Court addressed Mississippi Code Annotated § 75-2-725 in the context of an automobile's crashworthiness in **Hunter**. **Hunter**, 729 So. 2d at 1277. In that case, the plaintiffs sought recovery for injuries they sustained in a crash because their seatbelts allegedly failed in the crash. **Id.** at 1269. This Court held that the claims for breach-of-warranty were barred by the six-year statute of limitations, because the breach accrued at the date of delivery of the product. **Id.** at 1277.

¶14. Similar to **Hunter**, this Court in **Rutland** barred a purchaser's claim for breach of warranty because it was brought after the elapse of the six-year limitation period. **Rutland**, 351 So. 2d at 325. There, the purchaser brought an action against the seller for breach of warranty regarding the sale of fertilizer. **Id.** The plaintiff contended that, because of the nature of fertilizer products, the future-performance exception must be applied, and the statute of limitations should begin to run at the time of discovery. **Id.** This Court rejected this argument, holding that this action did not fall within the future-performance exception and

6

finding that the exception would not be applied absent a warranty explicitly promising or guaranteeing future performance of the fertilizer. *Id.*

¶15. The future-performance exception was further examined in *Crouch v. General Electric Company,* 699 F. Supp. 585 (S.D. Miss. 1988).

> Although a number of courts have had occasion to address the applicability of the future performance exception to the normal accrual rule under UCC § 2-725(2), only rarely has an express warranty been held to be a warranty explicitly extended to future performance. As Professors White and Summer have noted, "extension of the normal warranty period does not occur in the usual case, even though all warranties in a sense apply to future performance of goods.*"* They recognize, however, that such a warranty would arise in a case in which a seller gave a "lifetime guarantee" or one in which he, for example, "expressly warranted that an automobile would last for 24,000 miles or four years, whichever occurred first."

*Crouch* at 594 (citing J. White and R. Summers, *Uniform Commercial Code* § 11-9, at 419 (2d ed. 1980)).

¶16. Although precedent of federal courts is not binding in our deliberations here, federal interpretations of a similar exception are helpful. "The 'overwhelming majority' of courts have interpreted future performance exceptions such as those contained in section 75-2-725 very strictly." *Crouch* at 594 (citing *Wilson v. Hammer Holdings, Inc.,* 671 F. Supp. 94, 96 (D. Mass. 1987); *Standard Alliance Indus. v. Black Clawson Co.,* 587 F.2d 813, 820 (6th Cir. 1978), *cert. denied,* 441 U.S. 923, 60 L. Ed. 2d 396, 99 S. Ct. 2032 (1979)).[4] The Sixth

---

[4] *See also **Binkley Co. v. Teledyne Mid-America Corp.,*** 333 F. Supp. 1183 (E.D. Mo. 1971)**,** aff'd, 460 F.2d 276 (8th Cir. 1972); ***Holdridge v. Heyer-Schulte Corp. of Santa Barbara,*** 440 F. Supp. 1088 (N.D.N.Y. 1977)***; Raymond-Dravo-Langenfelder v. Microdot, Inc.,*** 425 F. Supp. 614 (D. Del. 1976); ***Gen. Motors Corp. v. Tate***, 257 Ark. 347, 516 S.W.2d 602 (1974); ***Beckmire v. Ristokrat Clay Products Co.***, 36 Ill. App. 3d 411, 343 N.E.2d 530 (1976); ***Wilson v. Massey-***

Circuit found that "[a]n express warranty which makes no reference at all to any future date should not be allowed to extend past the limitations period." ***Standard Alliance*** 587 F.2d. at 820. The Sixth Circuit went on to state that there must be specific reference to a future time in the warranty for the claim to fall within the protection of a future-performance exception. ***Id.*** The Eighth Circuit similarly has held that a warranty's reference to future performance must be unambiguous and clearly stated. ***R.W. Murray Co. v. Shatterproof Glass Corp.***, 697 F.2d 818, 822 (8th Cir. 1983).

¶17.    In the case at bar, GM's owner's manual did not contain an explicit reference to the future performance of the automobile's air bags. As noted *supra*, the statute requires that an explicit reference to the future performance of the product must be present in order to apply the future-performance exception. The statute specifically provides that the cause of action accrues "regardless of the aggrieved party's lack of knowledge of the breach . . . ." Miss. Code Ann. § 75-2-725 (Rev. 2002). GM never promised a "lifetime guarantee" or set a specific length of time in which the automobile would be covered by the warranty. To allow this claim to fall under the future-performance exception would be in direct contradiction to the statute.

---

***Ferguson***, 21 Ill. App. 3d 867, 315 N.E.2d 580 (1974); ***Centennial Ins. Co. v. Gen. Elec. Co.***, 74 Mich. App. 169, 253 N.W.2d 696 (1977).

**CONCLUSION**

¶18.    For the foregoing reasons, summary judgment was proper in this case.  The trial court did not err in holding that the express warranty found in the GM's owner's manual does not fall under the future-performance exception.  Because it did not fall under the exception, the Forbeses' claim is barred pursuant to the six-year statute of limitations.  Miss. Code Ann. § 75-2-725 (Rev. 2002).  Therefore, we affirm the trial court's grant of summary judgment.

¶19.    **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.    DIAZ, P.J., EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**