# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-01138-SCT

*NORTH AMERICAN MIDWAY*
*ENTERTAINMENT, LLC, MID-AMERICA SHOWS*
*TRANSPORTATION, INC. AND NORTH*
*AMERICAN MIDWAY ENTERTAINMENT-*
*AMUSEMENT SOUTH, INC.*

*v.*

*TOMMY W. MURRAY AND KELLI E. MURRAY*


| | |
|---|---|
| DATE OF JUDGMENT: | 06/14/2013 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | JARED ASHTON KOBS |
| | KEITH D. OBERT |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | KEITH D. OBERT |
| | WILLIAM F. BROWN |
| ATTORNEYS FOR APPELLEES: | JARED ASHTON KOBS |
| | BENJAMIN NOAH PHILLEY |
| | ROBERT GERALD BARLOW, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 09/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER, C.J., KING AND MAXWELL, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     Under Mississippi Code Annotated Section 15-1-65, when a cause of action has

accrued in another state and is time-barred there, it cannot be maintained in Mississippi.[1]

---

[1] Miss. Code Ann. § 15-1-65 (Rev. 2012).  The one exception is "where such a cause
of action has accrued in favor of a resident of this state," which is not the case here.  *Id.*

Here, Tommy and Kelli Murray's action accrued in Louisiana. But by the time they filed their action in Mississippi, Louisiana's one-year statute of limitations had passed.[2] Because they could no longer file an untimely action in Louisiana, they were likewise barred from filing suit in Mississippi. We therefore reverse the trial court's denial of the defendants' motion to dismiss the complaint, in which they asserted Section 15-1-65's clear bar. We render a judgment in the defendants' favor.

**Background Facts and Procedural History**

¶2. On May 1, 2012, the Murrays filed a complaint in the Hinds County Circuit Court, First District, against the estate of James E. German and three related businesses that had employed German—Mid-American Shows Transportation, Inc.; North American Midway Entertainment-Amusement South, Inc. f/k/a Farrow Shows, Inc.; and North American Midway Entertainment (collectively "Midway"). The Murrays are residents of Georgia. And before German died, he lived in Mississippi. Midway is a group of foreign corporations doing business in Mississippi.

¶3. The Murrays based their claims on a wreck that occurred in Louisiana almost three years earlier. On May 4, 2009, German, while driving one of Midway's eighteen wheelers, started reversing back down an interstate exit ramp. Tommy's pickup truck rammed into him. The Murrays alleged German's negligent driving caused Tommy to suffer physical, emotional, and mental injuries and Kelli to experience loss of consortium.

---

[2] La. Civ. Code Ann. art. 3492.

¶4. As part of its answer, Midway moved to dismiss the complaint. Midway asserted the Murrays' cause of action accrued in Louisiana, which has a shorter one-year statute of limitations. *See* La. Civ. Code Ann. art. 3492. And because their complaint—filed almost three years after the wreck—is untimely under Louisiana law, it is also barred in Mississippi under Section 15-1-65.

¶5. After the trial court denied Midway's motion, we granted Midway's request for an interlocutory appeal. *See* M.R.A.P. 5.

## Standard of Review

¶6. We review the denial of the motion to dismiss de novo. ***R.J. Reynolds Tobacco Co. v. King***, 921 So. 2d 268, 271 (Miss. 2005). Taking the allegations in the complaint as true, we will affirm denial "unless it appears beyond any reasonable doubt that the non-moving party will be unable to prove any set of facts in support of the claim which would entitle the non-movant to relief." ***Id.***

## Discussion

¶7. We take as true the Murrays' allegation that their injuries arose from the wreck in Louisiana on May 4, 2009. This means their cause of action accrued in Louisiana on May 4, 2009. *See **Flight Line, Inc. v. Tanksley***, 608 So. 2d 1149, 1156 (Miss. 1992) ("A cause of action accrues . . . when the right to sue becomes vested[,] . . . [which] may well mean the moment injury is inflicted, that point in space and time when the last legally significant fact is found." (internal citation omitted)).

¶8.     Because they filed their complaint within three years of when their action accrued, the Murrays argue their complaint was timely under Mississippi Code Annotated Section 15-1-49(1) (Rev. 2012). But the three-year limitations period in Section 15-1-49(1) is a catchall that applies only when "no other period of limitation is prescribed." And here, the Legislature *has prescribed* a limitations period for actions like the Murrays' that have accrued out of state.

¶9.     Under  Section 15-1-65—

> When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state[.]

Miss. Code Ann. § 15-1-65.[3] Under Louisiana law, where the Murrays' action accrued, they could not maintain their action in May 2012 due to Louisiana's one-year "prescription"—i.e., statute of limitations. La. Civ. Code Ann. art. 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."). So under the plain language of Section 15-1-65, the Murrays could not maintain a cause of action in Mississippi either.[4]

---

[3] The one exception—inapplicable here—is "where such a cause of action has accrued in favor of a resident of this state." Miss. Code Ann. § 15-1-65. In that situation, "this state's law on the period of limitation shall apply." *Id.*

[4] The Murrays insist that the clear language of Section 15-1-65 "is only one item to be considered." According to them, we must also take into account the "applicable case law supporting [their] position." But the case law the Murrays cite is not "applicable." Instead, it deals with a *prior* version of Section 15-1-65, which "applie[d] only to a nonresident who moves to this State after the statute has run on the cause in the other state." ***Shewbrooks v.***

**Conclusion**

¶10.    Applying Section 15-1-65 to the allegations in the Murrays' complaint, we find beyond a reasonable doubt the Murrays are not entitled to any relief in Mississippi.  *See R.J. Reynolds*, 921 So. 2d at 271.  So Midway's motion to dismiss should have been granted.  We reverse the decision of the circuit court and render a judgment in favor of all defendants on all claims.

¶11.    **REVERSED AND RENDERED.**

   **WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, COLEMAN AND BEAM, JJ., CONCUR.**

---

*A.C. and S., Inc.*, 529 So. 2d 557, 565 (Miss. 1988) (applying pre-1989 version of Section 15-1-65).  But almost three decades ago, the Legislature expanded Section 15-1-65 to its current form.  *See* 1989 Miss. Laws ch. 311, § 4, *codified as* Miss. Code Ann. § 15-1-65 (Supp. 1989).  And—albeit in dicta—we have consistently interpreted amended Section 15-1-65 as barring claims that accrued out-of-state and were time-barred where they accrued. *Ford v. State Farm Ins.*, 625 So. 2d 792, 794 n.2 (Miss. 1993) ("Under the present law, the instant action would be barred by Miss. Code Ann. § 15-1-65[.]"); *Alston v. Pope*, 112 So. 3d 422, 427-28 (Miss. 2013) ("Under present law, the Shewbrookses' tort claims," which accrued out of state, "would have been barred"); *Patton v. Mack Trucks, Inc.*, 556 So. 2d 679, 680 n.1 (Miss. 1989) ("Miss. Laws ch. 311, § 4 (1989), now codified as Miss. Code Ann. § 15-1-65 (Supp.1989) effectively ends this state's days as a home for unpled foreign torts.").