# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CT-01474-SCT

*BRUCE COPE, MARY COPE AND IKE W.*
*THRASH*

*v.*

*THRASHER CONSTRUCTION, INC.*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/01/2014 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| TRIAL COURT ATTORNEYS: | TAYLOR B. McNEEL |
| | SAMUEL C. KELLY |
| | KAREN E. HOWELL |
| | NICHOLAS VAN WISER |
| | WILLIAM J. LITTLE |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | NICHOLAS VAN WISER |
| ATTORNEYS FOR APPELLEE: | TAYLOR B. McNEEL |
| | SAMUEL C. KELLY |
| | KAREN E. HOWELL |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENTS OF THE COUNTY COURT AND CIRCUIT COURT OF HARRISON COUNTY ARE REINSTATED AND AFFIRMED - 11/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1. Thrasher Construction, Inc. (Thrasher) brought a third-party beneficiary action against Bruce Cope, Mary Cope, and Ike Thrash (the Copes and Thrash) in the County Court of the First Judicial District of Harrison County. Thrasher sought damages for payments owed for waterproofing the Inn by the Sea, a condominium in which the Copes and Thrash had acquired a full ownership interest by agreeing, in part, to pay all outstanding bills for work previously performed on the property. During trial, the county court dismissed the third-party beneficiary claim but allowed Thrasher to proceed on a *quantum meruit* theory of the case. The jury returned a verdict in favor of Thrasher for $69,290, and the county court entered judgment based on that verdict. The Copes and Thrash appealed the judgment to the Circuit Court of the First Judicial District of Harrison County, which affirmed the judgment of the county court. The Copes and Thrash then appealed to the Court of Appeals, arguing the facts do not support a recovery on *quantum meruit*. Thrasher cross-appealed, arguing the trial court erred in dismissing its third-party beneficiary claim.

¶2. The Court of Appeals held *quantum meruit* was not the proper method of relief because the action should have proceeded as a third-party beneficiary claim. The Court of Appeals reversed the judgment and remanded for further proceedings consistent with its opinion. We agree the third-party beneficiary action was the appropriate basis for Thrasher's recovery; however, because the trial court ultimately reached the correct result, no further proceedings are needed in this case.

**FACTS AND PROCEDURAL HISTORY**

2

¶3.     The  facts of this case required for review on appeal are adequately set out by the

Court of Appeals in its majority opinion. *Cope v. Thrasher Const., Inc.*, 2016 WL 3523874,

at \*\*1–2 (Miss. Ct. App. June 28, 2016).

> Inn by the Sea was destroyed by Hurricane Katrina in 2005. The owners of the individual units engaged SeaInn LLC (SeaInn) to develop a new complex and rebuild. SeaInn consisted of two members, Greg Stewart and Kenny Labelle. The unit owners conveyed their interest in the property to SeaInn in order to begin the project. SeaInn then hired Madison Homes as its general contractor. Greg Stewart is the only known representative of Madison Homes.

> In February 2009, Madison Homes contracted with Thrasher Construction in order to waterproof Inn by the Sea. Thrasher Construction was to be paid $106,600 for this project. Thrasher Construction worked on the Inn by the Sea project from April to July of 2009. Each month, it sent an invoice to Madison Homes, but none of the invoices were paid. Eventually, upon completion of sixty-five percent of the work on the Inn by the Sea project, Thrasher Construction stopped work due to nonpayment. Thrasher Construction then filed a Notice of Construction Lien against the Inn by the Sea property in September 2009. The amount due at the time that Thrasher Construction stopped work was $69,290, calculated based on the percentage of the project completed.

> Ike Thrash later purchased Labelle's fifty percent interest in SeaInn. He then signed over part of his interest to Bruce Cope and Mary Cope. After realizing that neither Stewart nor Madison Homes was paying the subcontractors, Cope and Thrash entered into a settlement agreement with Stewart to remove him. Cope and Thrash agreed to take over and complete certain projects. Cope and Thrash agreed to pay the subcontractors on the Inn by the Sea project to the extent that the invoices provided by Stewart were "true, valid[,] and correct." Attached to the agreement was a list of unpaid invoices for each project; Thrasher Construction's multiple invoices were listed.

> Cope and Thrash then began to contact the subcontractors. They requested that the subcontractors come to Inn by the Sea during a specific two-day period to verify the work performed. Upon verification, Cope and Thrash would pay each subcontractor what was owed. Thrash contacted Thrasher Construction approximately four times during this two-day period, but Thrasher Construction did not come to the project to verify its work because of the

3

existing lien. Cope and Thrash paid every other subcontractor on the Inn by the Sea project. In November 2009, Thrasher Construction withdrew its lien.

Thrasher Construction then filed a lawsuit against Madison Homes as well as Cope and Thrash claiming breach of contract. Specifically, Thrasher Construction alleged breach of contract as a third-party beneficiary against Cope and Thrash based on the settlement agreement.

During trial, after Thrasher Construction's case-in-chief, the county court dismissed the third-party beneficiary breach-of-contract claim after Cope and Thrash moved for a directed verdict. The court allowed Thrasher Construction to proceed on the theory of quantum meruit. The jury returned a verdict in favor of Thrasher Construction in the amount of $69,290. Cope and Thrash then filed a motion for a judgment notwithstanding the verdict (JNOV), which was denied by the county court. They appealed to the circuit court, which affirmed.

*Id.* The Copes and Thrash then appealed to this Court, and we assigned the case to the Court of Appeals, where both sides raised the same arguments as before the circuit court.

¶4.    The Court of Appeals held Thrasher could not recover under *quantum meruit* but should have been allowed to proceed on its third-party beneficiary claim. Accordingly, the Court of Appeals reversed and rendered the judgment of the circuit court and reversed and remanded the judgment of the county court. With respect to remand, the Court of Appeals held further proceedings were necessary as to the third-party beneficiary action. Both sides filed petitions for certiorari, which we granted. Before this Court, the Copes and Thrash argue the Court of Appeals correctly reversed the *quantum meruit* claim but erroneously revived the third-party beneficiary claim. Thrasher argues the Court of Appeals incorrectly reversed the judgment, because under either a *quantum meruit* or a third-party beneficiary theory, the judgment of the county court should be affirmed.

**STANDARD OF REVIEW**

4

¶5.     The standards of review for a grant or denial of a directed verdict and judgment notwithstanding the verdict (JNOV) are identical. ***Coho Res., Inc. v. Chapman***, 913 So. 2d 899, 904 (Miss. 2005). We review both "de novo as to the law applied by the trial court judge as well as the evidence presented during trial." ***Johnson v. St. Dominics–Jackson Mem'l Hosp.***, 967 So. 2d 20, 22 (¶ 3) (Miss. 2007). This Court views the evidence in the light most favorable to the verdict, and if substantial evidence supports the verdict, we will affirm the judgment of the trial court. ***Adcock v. Miss. Transp. Comm'n***, 981 So. 2d 942, 948 (¶ 25) (Miss. 2008). "For questions of law, the standard of review is de novo." ***O'Neal v. O'Neal***, 17 So. 3d 572, 574 (¶ 11) (Miss. 2009) (citations omitted).

## DISCUSSION

¶6.     The Court of Appeals held Thrasher presented a valid third-party beneficiary claim, which should not have been dismissed on directed verdict. We agree.

¶7.     "A third person may enforce a promise made for his benefit even though he is a stranger to the contract or to the consideration." ***Miss. High School Activities Ass'n, Inc. v. Farris***, 501 So. 2d 393, 395–96 (Miss. 1987) (citation omitted). To enforce the promise, the third-party's beneficiary status "must spring from the terms of the contract itself." ***Burns v. Washington Savings***, 251 Miss. 789, 796, 171 So. 2d 322, 325 (1965). To determine third-party beneficiary status, this Court uses the following analysis:

> (1) When the terms of the contract are expressly broad enough to include the third party either by name as one of a specified class, and (2) the said third party was evidently within the intent of the terms so used, the said third party will be within its benefits, if (3) the promisee had, in fact, a substantial and articulate interest in the welfare of the said third party in respect to the subject of the contract.

5

*Simmons Housing, Inc. v. Shelton*, 36 So. 3d 1283, 1286 (¶ 10) (Miss. 2010) (quoting

*Yazoo & M.V.R. Co. v. Sideboard*, 161 Miss. 4, 133 So. 669, 671 (1931)).

¶8.     The relevant section of the settlement agreement between the Copes and Thrash and

Stewart provides:

> Cope and Thrash shall be responsible for the payment of all outstanding bills and invoices for work performed and materials supplied on the following projects:
>
> - Inn by the Sea (Seainn, LLC);
>
> . . .
>
> This shall be accomplished as follows:
>
> a. Stewart has provide[d] a list of all invoices received to date, and the identity of persons/entities with unbilled work-in-process for [Inn by the Sea] to Thrash and Cope which is attached hereto as "Exhibit 1";[1]
>
> . . .
>
> c. Thrash, along with Stewart, shall be entitled to contact any of the subcontractors or suppliers for the purposes of determining the fact that such sums are, in fact, due and owing and represent work performed or materials provided to [Inn by the Sea]. To the extent that the invoices do not represent such sums, they shall not be payable by Thrash and Cope. *To the extent that they are true, valid[,] and correct payables as to [Inn by the Sea],* Cope and Thrash shall pay same within 7 days.

(Emphasis added.)

¶9.     The Copes, Thrash, and Stewart entered into an agreement for the express benefit of

Thrasher. They named Thrasher a beneficiary under their contract. The agreement plainly sets

out the parties' intent: "Cope and Thrash shall be responsible for the payment of all

---

[1]Thrasher Construction, Inc., is specifically named in the attached exhibit, as well as the sums due to Thrasher.

outstanding bills and invoices for work performed and materials supplied on [Inn by the Sea]." Thrasher had an outstanding bill on Inn by the Sea, which the Copes and Thrash agreed to pay to Thrasher by name. As the Court of Appeals correctly held, "Thrasher Construction qualifies as a third-party beneficiary." *Cope*, 2016 WL 3523874, at \*4 (¶ 18).

¶10.    The only argument the Copes and Thrash have raised, both before the lower courts and this Court, challenging Thrasher's third-party beneficiary claim is that the third-party beneficiary agreement contained "a specific condition precedent which was not met by Thrasher." The Copes and Thrash claim Thrasher was required to meet with them during a specific two-day period for settling claims. Since Thrasher did not appear during those two days, it failed to meet the "condition precedent." However, as the Court of Appeals observed, "no such condition [was] present in the settlement agreement that required Thrasher Construction to respond within two days to a request to verify the work performed at Inn by the Sea." *Id.* at \*5 (¶ 20). The only relevant conditions were that the Copes and Thrash could verify the work, and "to the extent that [the invoices were] true, valid[,] and correct," the Copes and Thrash were required to pay them.

¶11.    We agree with the Court of Appeals that "[a] reading of the settlement agreement shows that the only way Cope and Thrash would not be responsible for paying Thrasher Construction is if the work was never performed." *Id.* at \*5 (¶ 21). A jury has determined Thrasher performed the work. As a result, Thrasher should have been allowed to proceed on its third-party beneficiary claim.

¶12.    Despite the error, a new trial is not needed in this case. We have held, "if the judgment of [a trial court] can be sustained for any reason, it must be affirmed, and even though the trial judge based it upon the wrong legal reason." *Patel v. Telerent Leasing Corp.*, 574 So. 2d 3, 6 (Miss. 1990). This Court has an "obligation to affirm a trial court judgment correct as a matter of law, even though the trial court may have been mistaken in its reason for granting the judgment." *Shewbrooks v. A.C. & S. Inc.*, 529 So. 2d 557, 564 (Miss. 1988), *superceded by statute on other grounds as stated in N. Am. Midway Entm't, LLC v. Murray*, 200 So. 3d 437, 439 n. 4 (Miss. 2016). In other words, we will uphold a judgment where a "lower court reaches the right result for the wrong reason." *Finnie v. Lee County Bd. of Supervisors*, 186 So. 3d 831, 834 (¶ 7) (Miss. 2016) (quoting *Falco Lime, Inc. v. Mayor and Aldermen of City of Vicksburg*, 836 So. 2d 711, 725 (¶ 62) (Miss. 2002)).

¶13.    While the third-party-beneficiary action was dismissed erroneously, the county court reached the correct result in this case. Thrasher worked on Inn by the Sea. The Copes and Thrash agreed to pay Thrasher for its work. Under either third-party beneficiary or *quantum meruit*, Thrasher is entitled to the damages awarded in the county court. *See Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987) (holding that, even though incorrect legal theory supported trial court judgment, where "the finding of fact is consistent with the judgment[,] it will be affirmed."). The amount awarded by the jury under the *quantum meruit* theory, $69,290, equals the amount of damages proven by Thrasher in pursuit of its third-party beneficiary claim.

8

¶14. We see no reason to remand this case for further proceedings. No factual questions are left to be decided. As the Court of Appeals observed, "[t]he facts point so overwhelmingly in favor of Thrasher Construction that reasonable jurors could not have arrived at a contrary verdict." *Cope*, 2016 WL 3523874, at *5 (¶ 22). Therefore, the judgments of the county court and circuit court must stand.

## CONCLUSION

¶15. Thrasher's third-party beneficiary claim should not have been dismissed. However, the county court reached the correct result but for the wrong reason. Therefore, no further proceedings are needed in this case. Accordingly, we reverse the judgment of the Court of Appeals and reinstate and affirm the judgments of the circuit court and county court in favor of Thrasher.

¶16. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENTS OF THE COUNTY COURT AND CIRCUIT COURT OF HARRISON COUNTY ARE REINSTATED AND AFFIRMED.**

**RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.**