# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00883-COA

SUCCESSION OF PAUL BLANCHARD                                                    APPELLANT

v.

GEICO GENERAL INSURANCE COMPANY                                                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2021 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JOHN PAUL BARBER |
| ATTORNEYS FOR APPELLEE: | EDWARD C. TAYLOR |
| | KATIE RYAN VAN CAMP |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 12/05/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Although Paul Blanchard[1] lived and worked in New Orleans, he obtained a Mississippi automobile insurance policy from GEICO. During the policy period, Blanchard was involved in a car wreck in Louisiana. Blanchard alleged that an unidentified hit-and-run driver caused the wreck. Just less than three years after the wreck, Blanchard sued GEICO in Mississippi circuit court, alleging that GEICO had denied his claim for uninsured motorist (UM) benefits in bad faith. The circuit court granted summary judgment in favor of GEICO,

---

[1] Blanchard passed away five years after the subject car wreck. His death was not related to the wreck. His estate was substituted as a party in the circuit court. For ease of reference, we refer to his estate as "Blanchard" throughout the opinion.

holding that Blanchard's claims accrued in Louisiana, that they were barred by the applicable one-year and two-year prescriptions in Louisiana,[2] and that Mississippi's borrowing statute[3] barred Blanchard from bringing the claims in Mississippi. Blanchard appealed.

¶2. The circuit court correctly held that Blanchard's claim for UM benefits accrued in Louisiana and is barred by the applicable two-year prescription in Louisiana and this State's borrowing statute. Accordingly, we affirm the grant of summary judgment with respect to that claim. However, in Louisiana, the prescriptive period for first-party bad faith claims is *ten years*, not one year as the circuit court mistakenly believed. Therefore, the circuit court erred by holding that Blanchard's bad faith claim is time-barred. Accordingly, we reverse the grant of summary judgment and remand as to Blanchard's bad faith claim.

¶3. In a supplemental brief on appeal, GEICO argues that Blanchard's claim for bad faith denial of UM benefits fails as a matter of law because his underlying claim for benefits is time-barred. However, because GEICO did not move for summary judgment on that ground, the issue is not before us on appeal.

**FACTS AND PROCEDURAL HISTORY**

¶4. On December 5, 2015, Blanchard was involved in a car wreck on Desire Street in New Orleans, Louisiana. Blanchard alleges that his car "was struck by an unknown and speeding hit-and-run driver, which caused his [car] to swerve and hit a parked car." Blanchard was injured, and his car was totaled.

---

[2] "In Louisiana, 'statute of limitations' is referred to as 'prescription' or the 'prescriptive period.'" *Ford v. State Farm Ins.*, 625 So. 2d 792, 793 n.1 (Miss. 1993).

[3] Miss. Code Ann. § 15-1-65 (Rev. 2019).

¶5.    At the time of the car wreck, Blanchard lived, worked, was registered to vote, and filed his homestead exemption in New Orleans.  In addition, his car was registered in Louisiana, he had a Louisiana driver's license, and his minor child attended school in New Orleans.  Blanchard owned ten rental properties, including nine in New Orleans and one on Township Road in Gulfport, Mississippi.  Blanchard testified that he rented the upstairs apartment of the Gulfport property, but the downstairs area was his "personal place." Blanchard testified that he considered his Gulfport property "another residence."  But when he was asked how often he stayed in Gulfport, he said he did not "know how to answer that question" and then declined to answer because he might say "something that's wrong."

¶6.    Prior to the subject car wreck, Blanchard used his Gulfport property's address to apply for and obtain a Mississippi auto insurance policy from GEICO.  After the wreck, Blanchard filed a claim for damage to his vehicle and personal injuries under his UM coverage.  On December 24, 2015, GEICO notified Blanchard that his "uninsured motorist property coverage [was] applicable and in effect for this loss," and on January 6, 2016, GEICO issued Blanchard a check for $22,893.20 for his property damage.  The check was mailed to Blanchard's Gulfport address with the comment "Uninsured Motorist Coverage."

¶7.    On March 30, 2016, GEICO notified Blanchard by email that its "investigation indicate[d] that damages occurred because [Blanchard] failed to maintain control of [his] vehicle and struck a parked vehicle."  GEICO further stated that "[b]ased on [its] investigation, the percentage of negligence apportioned to [Blanchard was] 100 percent." Therefore, GEICO stated that it "agreed to handle damage to the other vehicle" and would

3

handle Blanchard's "damage under [his] collision coverage."

¶8.    The next day, Blanchard sent GEICO a letter in response.  Blanchard characterized GEICO's email as "pretty much stating that GEICO was denying my UIM CLAIM and changing my UIM CLAIM to a collision claim."  Blanchard "vehemently disagree[d]" with GEICO's position and provided additional information in support of his claim.

¶9.    On April 6, 2016, a GEICO claims representative responded by acknowledging that Blanchard had made a UM claim.  The representative stated she would review the information Blanchard had submitted and contact him with any questions or updates regarding the status of his claim.

¶10.    Blanchard later hired a Louisiana attorney to pursue his claim, and the attorney continued to communicate with GEICO on Blanchard's behalf.  According to the attorney, on November 16, 2018, a GEICO claims adjuster finally informed her "that the most GEICO would pay to settle . . . Blanchard's UM bodily injury claim was a total of $500.00."

¶11.    On December 4, 2018, Blanchard filed suit against GEICO in the Harrison County Circuit Court.  Blanchard alleged that he had been injured as a result of the negligence of the unidentified hit-and-run driver and that GEICO had refused in "bad faith" to pay his UM claim. Blanchard demanded consequential, general, and special damages, as well as punitive damages and attorney's fees.

¶12.    GEICO answered the complaint and subsequently moved for summary judgment.  In its summary judgment motion, GEICO argued that Blanchard's claims accrued in Louisiana, that his claims were time-barred in Louisiana, and that Mississippi's "borrowing statute,"

4

Miss. Code Ann. § 15-1-65, barred him from pursuing his claims in Mississippi. GEICO relied on section 9:5629 of the Louisiana Revised Statutes Annotated, which provides, "Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained."

¶13. In response, Blanchard argued that Mississippi's borrowing statute did not apply because his claim for bad faith denial of his UM bodily injury claim under his Mississippi insurance policy accrued in Mississippi, not in Louisiana. Blanchard further argued that he filed his claim within Mississippi's applicable three-year statute of limitations, Miss. Code Ann. § 15-1-49 (Rev. 2019).

¶14. At the hearing on GEICO's motion for summary judgment, GEICO argued that Blanchard's claim for "bad faith" also accrued in and was time-barred in Louisiana. Specifically, GEICO cited *Fils v. Starr Indemnity Co.*, 263 So. 3d 1157 (La. App. 3 Cir. 2018), for the proposition that bad faith claims are subject to the one-year prescription in Louisiana Civil Code article 3492.

¶15. The circuit court granted GEICO's motion for summary judgment, holding that "the statute of limitations applicable to [Blanchard's] claims is the Louisiana prescription, whether the 1 year prescription for his bad faith claim under Louisiana law or the 2 year prescription applicable to his claim for [UM] benefits available under the GEICO policy." The circuit court also cited *Fils* for the proposition that Blanchard's bad faith claim was subject to a one-year prescription. Blanchard filed a motion to alter or amend the judgment,

5

which was denied, and a notice of appeal.

¶16.    On appeal, Blanchard continued to argue that he filed suit within Mississippi's three-year statute of limitations and that the borrowing statute is inapplicable because his claim accrued in Mississippi.[4]  Blanchard also briefly argued that his claim was timely filed even if it is subject to the one-year prescription in Louisiana Civil Code article 3492.  Specifically, he contended that he filed suit less than one month after GEICO finally denied his claim—when a claims adjuster allegedly told his lawyer that GEICO would pay no more than $500 to settle the claim.  Finally, Blanchard argued that GEICO is barred by the doctrine of equitable estoppel from asserting a statute of limitations defense because he delayed in filing suit based on GEICO's "ambiguous and contradictory communications."

¶17.    In response, GEICO continued to argue that Blanchard's claims accrued in Louisiana and are barred by Louisiana's two-year prescription for UM claims and one-year prescription for bad faith claims.  GEICO again cited *Fils* for the proposition that Blanchard's bad faith claim is subject to the one-year prescription in Louisiana Civil Code article 3492.  GEICO also argued that Blanchard's equitable estoppel argument is procedurally barred because he did not timely raise the issue in the circuit court.

¶18.    After this case was submitted on appeal, this Court realized that GEICO's arguments and the circuit court's decision relied in part on a fundamental mistake regarding Louisiana

---

[4] The borrowing statute provides that if the plaintiff is a Mississippi "resident," Mississippi's statute of limitations "shall apply" even if the "cause of action . . . accrued outside of this state."  Miss. Code Ann. § 15-1-65.  However, Blanchard does not attempt to argue that Mississippi's statute of limitations applies because he is a Mississippi resident. Rather, he argues that Mississippi's statute of limitations applies and that the borrowing statute is wholly inapplicable because his claim accrued in Mississippi.

6

law. GEICO relied on the original opinion in *Fils*, and GEICO failed to notice that the *Fils* court *granted rehearing*. On rehearing, the court held that "the appropriate prescriptive period for bad faith claims arising out of a contract of insurance is the *ten-year prescriptive period* found in [Louisiana Civil Code article] 3499." *Fils*, 263 So. 3d at 1163 (emphasis added). Moreover, in 2019, the Louisiana Supreme Court adopted the reasoning of the *Fils* rehearing opinion and held that "a ten-year prescriptive period [applies] to first-party bad faith claims." *Smith v. Citadel Ins. Co.*, 285 So. 3d 1062, 1072 (La. 2019).

¶19. After noticing the parties' and circuit court's mistake regarding Louisiana law, this Court ordered supplemental briefing on the issue. In a supplemental brief, GEICO conceded that "it appears that the ten-year prescriptive period would apply . . . to [Blanchard's] bad faith claim." GEICO further conceded that "it would appear that [Blanchard's] bad faith claim would survive because he filed his Complaint within the 10-year prescription period." Nonetheless, GEICO argues that we should affirm on the ground that an insured cannot prevail on a bad faith claim if his underlying claim for UM benefits is prescribed.

## ANALYSIS

¶20. We review the grant of summary judgment de novo. *Forbes v. Gen. Motors Corp.*, 993 So. 2d 822, 824 (¶7) (Miss. 2008). We also review issues of law de novo, "including issues concerning statutes of limitations." *Id.*

> **I.** **Blanchard's claim for UM benefits is barred by Louisiana's two-year prescription and Mississippi's borrowing statute.**

¶21. "Regardless of the substantive law to be applied, Mississippi courts will apply their own procedural law." *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 433 (¶9) (Miss.

7

2006). Because statutes of limitations are considered procedural for choice-of-law purposes, Mississippi courts ordinarily will apply our own statutes of limitations. *Id.*; *Ford v. State Farm Ins. Co.*, 625 So. 2d 792, 793-94 (Miss. 1993).

¶22. However, our "borrowing statute," Miss. Code Ann. § 15-1-65, is an exception to the general rule that Mississippi courts apply our own statutes of limitations. The borrowing statute provides that if a "cause of action . . . accrued outside of [Mississippi]" and is barred by the statute of limitations of the jurisdiction in which it "accrued," "then no action thereon shall be maintained in [Mississippi]." *Id.* Stated succinctly, the borrowing statute "bar[s] claims that accrued out-of-state and [are] time-barred where they accrued." *N. Am. Midway Ent. LLC v. Murray*, 200 So. 3d 437, 439 n.4 (Miss. 2016).[5]

¶23. In *Murray*, the plaintiffs "based their claims on a wreck that occurred in Louisiana" on May 4, 2009. *Id.* at 438 (¶3). They alleged that they were injured when a truck driver, who was a Mississippi resident, negligently collided with their vehicle. *Id.* On May 1, 2012, the plaintiffs sued the truck driver's estate and former employers. *Id.* at (¶2). The defendants moved to dismiss, arguing that the plaintiffs' claims accrued in Louisiana and were barred by a one-year prescription in Louisiana and Mississippi's borrowing statute. *Id.* at 438-39 (¶4). On interlocutory appeal, the Mississippi Supreme Court agreed that the plaintiffs' claims "accrued in Louisiana on May 4, 2009":

---

[5] As noted above, the borrowing statute does not apply to Mississippi residents. Therefore, a Mississippi resident may benefit from a longer Mississippi statute of limitations even if his or her claim accrued outside of Mississippi. Miss. Code Ann. § 15-1-65. However, Blanchard has abandoned any claim that the borrowing statute does not apply because he is a Mississippi resident. *See supra* note 4.

> We take as true the [plaintiffs'] allegations that their injuries arose from the wreck in Louisiana on May 4, 2009. **This means their cause of action accrued in Louisiana on May 4, 2009.** *See Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1156 (Miss. 1992) ("A cause of action accrues . . . when the right to sue becomes vested[,] . . . [which] may well mean the moment injury is inflicted, that point in space and time when the last legally significant fact is found." (internal citation omitted)).

*Murray*, 200 So. 3d at 439 (¶7) (emphasis added). Therefore, our Supreme Court held that the defendants were entitled to a dismissal based on Louisiana's one-year prescription and Mississippi's borrowing statute. *Id.* at 439-40 (¶¶8-10).

¶24. Similarly, in the present case, Blanchard's "right to sue" for damages pursuant to the UM provisions of his GEICO insurance policy "bec[ame] vested" in Louisiana on December 5, 2015. *Id.* at 439 (¶7) (quoting *Flight Line*, 608 So. 2d at 1156); *see also McMillan v. Puckett*, 678 So. 2d 652, 654 (Miss. 1996) ("No distinction can be made between *when* an action accrues and *where* it accrues." (emphasis added)). Moreover, Louisiana law clearly establishes a two-year prescriptive period for such claims, stating: "Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained." La. R.S. § 9:5629. Blanchard's claim for UM benefits is prescribed in Louisiana because he filed suit almost three years after the date of the accident.[6] Therefore, under the borrowing statute, Blanchard cannot maintain

---

[6] Under Louisiana law, a prescriptive period may be "interrupted" for various reasons, including by an "acknowledgment" of "the right of the person" against whom the defense of prescription is asserted. *See Mallett v. McNeal*, 939 So. 2d 1254, 1258 (La. 2006). However, Blanchard has not argued that the prescriptive period was interrupted for any reason.

9

a claim for UM benefits in Mississippi either. Miss. Code Ann. § 15-1-65; *Murray*, 200 So. 3d at 439 (¶9).

¶25. Blanchard argues we should find that his claim "accrued" in Mississippi based on the "center of gravity doctrine." *See Mitchell v. Craft*, 211 So. 2d 509, 515 (Miss. 1968). The center of gravity doctrine is a conflict-of-laws doctrine under which a court will apply the *substantive* law of the place that has the "most significant relationship" to the parties or event. *Id.* at 515-16.[7] Under that doctrine, we determine which state has the "most significant relationship" to the case by evaluating certain "contacts." *Shortie v. George*, 233 So. 3d 883, 889 (¶21) (Miss. Ct. App. 2017). These include "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, [and] (d) the place where the relationship, if any, between the parties is centered." *Id.*

¶26. However, the "center of gravity" test has nothing to do with the issue before us on appeal. "Mississippi has always considered statutes of limitation procedural, and the 'center of gravity test' . . . applies to substantive law." *Williams v. Taylor Mach. Inc.*, 529 So. 2d 606, 609 (Miss. 1988) (citation omitted).[8] The center of gravity test is a multi-factor, common-law test for resolving conflicts of substantive law. This appeal, in contrast,

---

[7] *See also Smith v. Church Mut. Ins.*, 254 So. 3d 57, 70-71 (¶42) (Miss. 2018) (explaining that the center of gravity test is used to resolve conflicts of "substantive law," not "procedural law"); *Ford*, 625 So. 2d at 793-95 (same); *Boardman v. United Servs. Auto. Ass'n*, 470 So. 2d 1024, 1031 (Miss. 1985) (stating that the center of gravity doctrine is used to determine the applicable "substantive rules of decision").

[8] *Superseded by statute on other grounds as stated in S. Pac. Transp. Co. v. Fox*, 609 So. 2d 357, 362 (Miss. 1992).

concerns a statutory directive to apply the statute of limitations of the place where a cause of action "accrued." Miss. Code Ann. § 15-1-65. When the Mississippi Supreme Court applied the borrowing statute in *Murray*, it held that the cause of action accrued in Louisiana at the time of the car wreck without mentioning or applying the center of gravity doctrine. We likewise hold that Blanchard's claim for UM benefits accrued in Louisiana on December 5, 2015, because his right to sue on that claim became vested at the time of the wreck. *Murray*, 200 So. 3d at 439 (¶9). Therefore, Louisiana's two-year prescription applies, and our borrowing statute bars Blanchard from pursuing the claim in Mississippi.

## II. Blanchard's "bad faith" claim is not time-barred.

¶27. As discussed above, Blanchard's complaint asserts a claim for the bad faith denial of his UM claim. Blanchard argues that his bad faith claim is separate and distinct from his underlying claim for UM benefits. Blanchard also argues that his bad faith claim is viable even if his underlying claim for UM benefits is barred by prescription.

¶28. For the reasons discussed above, it is now clear that Blanchard's bad faith claim is *not* barred by any Louisiana prescription or Mississippi statute of limitations. If, as GEICO argues, this claim accrued in Louisiana, then it is subject to a *ten-year* statute of limitations. *Smith*, 285 So. 3d at 1072; *Fils*, 263 So. 3d at 1163. As discussed above, GEICO now concedes that its prior argument that a one-year prescription applied was incorrect. In the alternative, if the claim accrued in Mississippi, it is subject to a three-year statute of limitations. Miss. Code Ann. § 15-1-49; *Oaks v. Sellers*, 953 So. 2d 1077, 1081 (¶14) (Miss. 2007) (stating that section 15-1-49 governs insurance bad faith claims). Either way,

11

Blanchard's bad faith claim is not time-barred.

### III. The question whether Blanchard may maintain a bad faith claim when his underlying UM claim is time-barred is beyond the scope of this appeal.

¶29. As noted above, GEICO's remaining argument is that as a matter of law, an insured cannot prevail on a bad faith claim if his underlying claim for UM benefits is time-barred. However, GEICO did not move for summary judgment on that ground. This Court recently reiterated that "[s]ummary judgment cannot be granted on grounds not raised and properly supported in the summary judgment motion . . . ." *Moore ex rel. A.T. v. Jackson Pub. Sch. Sys.*, 371 So. 3d 213, 216-17 (¶13) (Miss. Ct. App. 2023) (emphasis omitted) (quoting *White v. Cockrell*, 190 So. 3d 878, 884 (¶19) (Miss. Ct. App. 2015)). Moreover, although we may affirm a grant of summary judgment on alternative grounds, we are limited to those "grounds that the moving party raised in the circuit court." *Keckley v. Estes Equip. Co.*, 276 So. 3d 1230, 1235 (¶14) (Miss. Ct. App. 2018) (citing *Brocato v. Miss. Publishers Corp.*, 503 So. 2d 241, 244 (Miss. 1987)); *see also Horton ex. rel. Est. of Erves v. City of Vicksburg*, 268 So. 3d 504, 507 (¶8) (Miss. 2018) (stating that "we must affirm the grant of summary judgment if any ground *raised and argued below* will support the lower court's decision" (emphasis added) (brackets and quotation marks omitted)). Because GEICO did not move for summary judgment on this ground, we decline to address the issue on appeal.[9]

---

[9] Moreover, unlike the statute of limitations issues raised below and on appeal, this issue is at least arguably an issue of *substantive* law. Because the issue was not raised or decided in the circuit court, the parties have not briefed the question of which state's law would apply to this issue. Under our borrowing statute, a Louisiana prescription bars Blanchard's claim for UM benefits solely because that claim "accrued" in Louisiana. However, the borrowing statute does not address which state's law would apply to any

#### IV. Blanchard's equitable estoppel argument is procedurally barred.

¶30. As noted above, Blanchard also argues that the doctrine of equitable estoppel bars GEICO from asserting a statute of limitations defense because GEICO's allegedly "ambiguous and contradictory communications" induced him to delay in filing suit. In response, GEICO argues that this issue is procedurally barred because it was not timely raised in the circuit court.

¶31. We agree with GEICO that the issue is procedurally barred. Blanchard first mentioned the issue during the hearing on his motion to alter or amend the judgment, which was held more than two months after the circuit court had granted GEICO's motion for summary judgment. This Court has held that a motion to alter or amend the judgment "may not be used to . . . introduce new arguments." *Young v. Freese & Goss PLLC*, 357 So. 3d 1097, 1110 n.12 (Miss. Ct. App. 2022) (quoting *Point S. Land Tr. v. Gutierrez*, 997 So. 2d 967, 976 (¶24) (Miss. Ct. App. 2008)), *cert. denied*, 357 So. 3d 643 (Miss. 2023). Accordingly, the issue is waived.

### CONCLUSION

¶32. We affirm the grant of summary judgment in favor of GEICO on Blanchard's claim for UM benefits, but we reverse the grant of summary judgment on Blanchard's bad faith claim. We acknowledge GEICO's argument that Blanchard cannot maintain a bad faith claim because his underlying claim for UM benefits is time-barred. However, that issue and any other related issues of substantive law are beyond the scope of this appeal. Accordingly,

___

substantive issues in the case, and Blanchard's insurance policy states that it is to be interpreted according to Mississippi law.

13

the judgment of the circuit court is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

¶33.   **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**